**RYDER TRUCK RENTAL, INC., a corporation, and National Union Fire Insurance Company of Pittsburgh, Pa., a corporation, Plaintiffs,**

v.

**INTERNATIONAL VAN & STORAGE, a corporation, Andrews Van Lines, a foreign corporation, Carriers Insurance Company, a foreign corporation, New Hampshire Insurance Company, a foreign corporation, Curtis J. Batson, an individual, and Robert Prater, an individual, Defendants.**

No. CIV–80–877–D.

United States District Court,
W.D. Oklahoma.

Dec. 18, 1981.

Michael C. Stewart, Oklahoma City, Okl., for plaintiffs.

John R. Couch, Tom L. King, Oklahoma City, Okl., Joe K. Mitchell and Monte Lee Sherrod, Houston, Tex., for defendants.

## ORDER AND JUDGMENT

DAUGHERTY, District Judge.

This matter is before the Court upon the Motion for Summary Judgment of the Plaintiffs. The Plaintiffs' action is one seeking declaratory judgment.

The parties herein have heretofore stipulated as to the priority of payment as between the several insurance carriers involved herein. Defendant Carriers Insurance Company, without waiver of any policy defenses, has stipulated that its policy of insurance affords primary insurance coverage for the payment of claims arising from the accident here in question. As between Plaintiff National Union Fire Insurance Company of Pittsburgh, Pennsylvania and Defendant New Hampshire Insurance Company, each policy contains an excess insurance clause. Each company claims that its policy is not applicable to the claims made as result of the accident in question. New Hampshire Insurance Company contends its policy is not applicable by its terms. Plaintiff contends its policy is not applicable by virtue of a breach of the terms thereof which render same void should the insured vehicle be sublet by the original renter thereof, in this instance International Van & Storage. Assuming, without deciding whether the policies are applicable or rendered void as a result of a breach thereof, the Court finds that if applicable and taking into account all other undisputed facts before the Court these two insurance policies would prorate the losses arising from the accident in question should the limits of liability contained in the Carriers' insurance policy be exhausted.

The Court having reviewed the Stipulation of Fact of the parties herein and based upon the statement of counsel and being otherwise fully advised finds that there are no questions of fact remaining to be resolved in this case.

The only remaining issue for the Court in consideration of Plaintiffs' Motion for Summary Judgment is whether or not Carriers Insurance Company is entitled to indemnity from either the Plaintiffs herein and/or Defendant New Hampshire Insurance Company after payment of losses to third parties involved in the accident.

On January 1, 1977, a written Independent Contractor Agreement was executed between Defendant Andrews Van Lines, Inc. and Defendant International Van & Storage, Inc. On that date, Andrews Van Lines, Inc. held motor-carrier authority from the Interstate Commerce Commission and the Railroad Commission of Texas among others. Defendant Carriers Insurance Company had filed Certificates of Insurance on behalf of Andrews Van Lines, Inc. with the Interstate Commerce Commission and the Railroad Commission of Texas among others. This agreement was in force and effect on the date of the accident involved.

On February 24, 1977, Defendant International Van & Storage rented from Plaintiff Ryder Truck Rental, Inc. a truck/tractor, No. 38983, in Oklahoma City, Oklahoma, pursuant to the terms of a written Rental Agreement. The Rental Agreement obligated Plaintiff Ryder Truck Rental, Inc. to furnish liability insurance on behalf of International Van & Storage, Inc. with limits of liability of $100,000.00 for each person injured subject to a limit of $300,000.00 for all injuries resulting from any one accident. The Court finds that Ryder Truck Rental, Inc. complied with all provisions of the

Rental Agreement including the furnishing of the said insurance.

At the time of the rental of said truck/tractor by International Van & Storage, International had in force and effect a liability insurance policy with New Hampshire Insurance Company.

On March 7, 1977, Defendant Curtis J. Batson, a person regularly employed by International, while acting within the course and scope of his employment and while operating the truck/tractor owned by Ryder pulling a semi-trailer owned by International was involved in an automobile accident in Dallas, Texas wherein Clarence and Peggy Reid, Paul Fox and Defendant herein, Robert Prater, allegedly sustained personal injuries.

At the time of the accident, the vehicle was being operated pursuant to the terms and provisions of the aforementioned Independent Contractor Agreement between International and Andrews. Also, the truck/tractor and trailer were operated under the Certificate of Public Convenience and Necessity issued to Andrews by the Interstate Commerce Commission and in addition pursuant to the motor carrier authority issued to Andrews by the Railroad Commission of Texas.

Following the accident, the Defendant Carriers, after making demands upon Ryder Truck Rental, Inc., Union Fire Insurance Company of Pittsburgh, Pennsylvania and New Hampshire Insurance Company to pay the losses of the third parties settled the claims of Clarence and Peggy Reid for the total sum of $9,000.00. In addition, Carriers settled the claims of Paul Fox by payment to him of the sum of $3,805.73. There is presently pending in the United States District Court for the Northern District of Texas, Dallas Division, Civil Action No. CA–3–791373–F, an action wherein Robert Prater, Defendant herein, is Plaintiff and Andrews, International, Ryder and Batson are Defendants. In that action, Prater seeks money damages for his personal injuries and property damages arising from the accident in question in an amount which as yet has not been determined.

Carriers contends it is entitled to indemnity for all sums previously paid plus all sums to be paid to Prater based upon the terms of the rental agreement between Ryder and International Van. Plaintiffs seek this Court's declaratory judgment that Carriers Insurance Company has no right of indemnification against them or New Hampshire Insurance Company.

The Court finds that neither Carriers Insurance Company, its named insured Andrews Van Lines, Inc. nor International Van & Storage, Inc. have any rights of indemnification against Plaintiffs or Defendant New Hampshire Insurance Company for reimbursement of sums previously paid to Clarence and Peggy Reid and Paul Fox or reimbursement of sums to be paid to Robert Prater. The Rental Agreement between Ryder Truck Rental, Inc. and International Van & Storage, Inc. contains no express rights of indemnification. Neither Carriers Insurance Company nor its named insured, Andrews Van Lines, Inc., are parties to the rental agreement. By the same token, the Independent Contractor Agreement between Andrews Van Lines, Inc. and International Van & Storage, Inc. likewise contains no express indemnification provisions. It is clear from the stipulation of the parties herein and under the authority of *Argonaut Ins. Co. v. National Indemnity Co.,* 435 F.2d 718 (10th Cir.1971) and *Hagans v. Glen Falls Ins. Co.,* 465 F.2d 1249 (10th Cir.1972) that under the facts in this case Carriers Insurance Company must afford the primary liability insurance coverage for its insured Andrews Van Lines, Inc. and its additional insured International Van & Storage, Inc. That obligation may not be changed or superseded by any collateral agreements between the parties. Carriers does not deny herein its obligations as primary insurance carrier but advances the position that it is entitled to indemnification from Plaintiff Ryder Truck Rental, Inc. and thus indirectly Union Fire Insurance Company and New Hampshire Insurance Company. The sole basis of Carriers' position on indemnity is the Rental Agreement between Ryder Truck Rental, Inc. and

Defendant International Van & Storage, Inc.

In support of its position on indemnification, Carriers relys upon *Transamerican Freight Lines, Inc. v. Brada Miller Freight Systems, Inc.,* 423 U.S. 28, 96 S.Ct. 229, 46 L.Ed.2d 169 (1975). The Court has carefully reviewed this authority and finds that it is not applicable to this case. In *Transamerican,* supra, there was an express written indemnification agreement between the respective motor carriers involved. The Court held that the indemnification agreement did not violate the Interstate Commerce Commission Regulation providing that any lease of trucking equipment shall place control and responsibility for the operation of the equipment in the lessee, nor did the indemnification agreement conflict with ICC Safety Regulations.

However, contrary to *Transamerican,* supra, the Court finds no express indemnification agreement in any of the written agreements involved in this case. There is no provision for indemnification in the Independent Contractor Agreement between Andrews Van Lines, Inc. and International Van & Storage. Likewise, there is no agreement for indemnification nor any mention of indemnification in the Rental Agreement between Ryder Truck Rental, Inc. and International Van & Storage. Further, neither Carriers Insurance Company nor Andrews Van Lines are parties to the Ryder rental agreement. There has been no breach in any respect of the Rental Agreement by Ryder Truck Rental, Inc. The fact that pursuant to the terms of the Rental Agreement Ryder furnished liability insurance on behalf of International does not give rise to any rights of indemnification on behalf of Carriers either individually or as subrogor of International against Ryder Truck Rental, Inc. See *Argonaut Ins. Co. v. National Indemnity Co.* and *Hagans v. Glen Falls Ins. Co.,* supra.

It is therefore the Order of the Court that the Motion for Summary Judgment of the Plaintiffs Ryder Truck Rental, Inc. and National Union Fire Insurance Company of Pittsburgh, Pennsylvania should be and the same is hereby sustained and the Court finds as follows:

1. That Defendant Carriers Insurance Company is obligated to provide the primary liability insurance coverage for the accident here in question;

2. That as between National Union Fire Insurance Company of Pittsburgh, Pennsylvania and New Hampshire Insurance Company; those policies should prorate any and all losses as a result of the accident after the limits of liability contained in the Carriers Insurance Company policy are exhausted;

3. That Carriers Insurance Company either individually or as subrogor of Andrews Van Lines, Inc. or International Van & Storage has no right of indemnification against the Plaintiffs herein, Ryder Truck Rental, Inc. and National Union Fire Insurance Company of Pittsburgh, Pennsylvania or the Defendant New Hampshire Insurance Company for any sums it has paid or will pay in the future arising from the accident here in question.